HENRY H. GREEN, as Executor, Etc., Respondent, v. CHARLES E. WARREN, Impleaded, Etc., Appellant.

*Demurrer — when it must be served by mail — when served on last day under suspicious circumstances, what must be shown.*

In this action, brought to recover the amount of a promissory note, the summons and complaint were served on June 22d. On July 12th, defendant's attorney mailed, at Utica, a frivolous demurrer to the complaint directed to plaintiff's attorney at Herkimer. On the morning of the 13th, plaintiffs called at the post-office at Herkimer, but did not find the demurrer, and entered judgment, having never received any notice of appearance from defendant. Thereafter and on the same day other judgments were entered against defendant, as it was alleged, in favor of his friends, and he made a general assignment with preferences, plaintiffs' debt not being preferred. Some $800 was realized upon an execution issued under the judgments, but not sufficient to pay plaintiffs' judgment, unless given priority over the other judgments of the 13th. On July 19th, the demurrer was overruled as frivolous.

Upon a motion to set aside the plaintiffs' judgment, *held*, that, as the circumstances tended to show that the defendants' attorney intended to prevent plaintiff from entering judgment until other judgments had obtained a preference, it was incumbent upon the said attorney to show precisely when the demurrer was mailed, and what time the first mail for Herkimer left on the next morning; that if it was mailed so late at night as to miss the first mail of the next morning the judgment was regular. That as the defendant failed to show these facts, the motion should be denied.

When a party is entitled to have irregular proceedings set aside considered.

APPEAL from an order denying a motion to vacate a judgment entered in this action.

The summons and complaint herein, were served on the defendant Warren, June 22, 1877. The time to answer or demur to the complaint extended to and included July 12th, 1877.

On the 12th of July, 1877, the defendant Warren, by his attorney, served upon plaintiff's attorney a notice of retainer and a demurrer to the complaint of plaintiff.

On the 13th of July, 1877, plaintiff's attorney entered a judgment as by default in Herkimer county, in favor of the plaintiff and against both defendants for $197.97 damages and costs, and issued an execution thereon. Thereafter and on the same day, other judgments were entered against defendants, as was alleged, in favor of their friends, and on the 16th day of July the defendant, Charles E. Warren, made a general assignment of his property, with preferences.

On the 14th day of July, 1877, plaintiff's attorney served upon the attorney for the defendant Warren, a notice of application to overrule the demurrer served, as frivolous, and for judgment, before Justice HARDIN at Chambers, and on that application, and on the 19th day of July, 1877, a decision was made overruling the demurrer as frivolous.

On the 3d day of August, 1877, the attorney for the defendant Warren made a motion at Special Term to vacate and set aside the judgment entered by plaintiff, as by default, on the 13th day of July, 1877, for $197.97, and the execution issued thereon, for irregularity, on the grounds, among others:

1. That the judgment was entered after defendant Warren had appeared and demurred to the complaint, and before the issue thus joined had been disposed of.

2. That plaintiff had applied for judgment on demurrer as frivolous, under section 247 of the Code, and had obtained such a judgment, thereby having two judgments in the case—the second one being regular and the first one irregular.

The motion to vacate the judgment was denied, and an order to that effect granted. From that order the defendant Warren appeals to this court and asks to have said order reversed, and the judgment entered July 13th, 1877, by the plaintiff, for $197.97, against defendant Warren, and the execution issued thereon vacated and set aside, with costs.

*Parker W. Tefft*, for the appellant, Warren.

*Amos II. Prescott*, for the respondent.

MULLIN, P. J.:

This action was brought to collect a note of $200, made by defendants and delivered to plaintiff's testator.

The summons and complaint were served on defendant Warren on the 22d of June, 1877. On the 12th of July the defendants' attorney mailed, at Utica, a demurrer to the complaint on the ground that it did not set forth a cause of action, directed to plaintiff's attorney at Herkimer, paying the postage thereon.

On the morning of the thirteenth, plaintiff's attorney called at the post-office for his letters, but found none from defendants' attorney, nor had he then, or at the time of entering judgment, any notice of appearance of defendants' attorney, nor of any demurrer being put in, nor of an intention of defendants' attorney to appear in the cause. Judgment was entered upon default at noon on the 13th July. Execution was thereupon issued and levy made by the sheriff upon Warren's property. On the afternoon of the same day judgments were entered, as plaintiff alleges, to a large amount against the defendants in favor of their friends, and subsequently other judgments were entered against them, and an assignment with preferences was made by Warren of his property for the benefit of his creditors. The plaintiff's debt was not preferred. Defendants' estate was incumbered by a mortgage for its full value, and then, or very soon afterwards, an action to foreclose it was commenced.

Warren's personal property was sold on the *fi. fa.*, and there was realized from it between $800 and $900 — not enough to satisfy the plaintiff's execution, if those in the sheriff's hands in favor of other persons are allowed preference over that of plaintiff.

That the defendant's attorney intended to prevent the plaintiff from getting a judgment until after the judgments of other parties had been entered, is too obvious to admit of dispute. To prevent it a demurrer utterly frivolous was put in, and its service

probably delayed, until so late an hour on the twelfth that it would not reach plaintiff's attorney until the next day, nor until other judgments had obtained a preference.

With so many circumstances of suspicion surrounding the conduct of the defendants' attorney, it was incumbent upon him to show precisely when the demurrer was mailed, and when the first mail in the morning left Utica for Herkimer, so that we could see that it was not intended that it should not leave Utica until toward noon of the thirteenth. This he does not do. He leaves all the suspicious circumstances unexplained, and insists that he had the right to serve his demurrer at any time on the twelfth, and that having served on that day, he deprived the plaintiff of the right to enter judgment, until after those the defendants desired to befriend had obtained their liens.

It is true, he was entitled to twenty days in which to serve his demurrer, and it was irregular for plaintiff to enter his judgment after the mailing of the demurrer at Utica on the twelfth. But the defendant was bound to mail his demurrer at such time on the twelfth as that it would reach the plaintiff's attorney by a mail leaving Utica on that day, or by the first mail of the next day. It does not appear that the paper was mailed so as to reach him until about midday of the thirteenth. It had to be carried but ten miles, so that it would reach plaintiff in half an hour after leaving Utica, and it was not received until toward noon.

If the conduct of the defendants' attorney was entirely free from suspicion, it would be the duty of plaintiff's attorney to show that defendant had not mailed his demurrer in time; but, under the circumstances, I think the defendants' attorney was bound to show a strict compliance with the requirement of the statute and rules, as to the service of the demurrer. This could only be done, as I have already suggested, by showing the precise hour at which it was mailed, and the hour of the next mail, by which it would be carried, would arrive at Herkimer. If it was mailed at a late hour in the night of the twelfth, it may have been too late for the first mail in the morning, in which it ought, in fairness, to have gone.

If, however, it should be conceded that the judgment of plaintiff was irregularly entered, it does not follow that it should be set aside. To entitle a party to complain of an irregularity and to ask to have the irregular proceeding set aside, it should appear that he is prejudiced by it in some way to his injury. Nothing of the kind is, or can be pretended in this case. The defendant not only does not swear to merits, but he shows that he has none.

It is wholly immaterial to him whether the judgment was entered on the 13th or 19th of July, and no mere trivial irregularity should be permitted to deprive a party of a lien fairly, but irregularly it may be, acquired. (*Bank of Buffalo* v. *Lowry et al.*, 22 Wend., 630.)

The order must be affirmed, with $10 costs and disbursements.

Present — Mullin P. J., Smith and Talcott, JJ.

Order affirmed, with $10 costs and disbursements.